[No. E007515. Fourth Dist., Div. Two. Jan. 29, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
STAFFORD BENTLEY BRIGHT, Defendant and Appellant.

106

## COUNSEL

Lynda A. Romero, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Raquel Gonzalez and M. Howard Wayne, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DABNEY, Acting P. J.**—An information charged defendant with 41 counts of lewd and lascivious acts upon a child under the age of 14 years (Pen. Code, § 288, subd. (a)) and also alleged a prior conviction of Penal Code section 288. (Pen. Code, § 667.51, subd. (a).) The court granted defendant's motion to set aside the information pursuant to Penal Code section 995 as to counts 10, 11, 15, 19, 22, 29, 30, 32, 36, 37, and 39 which would be encompassed within the remaining counts. The district attorney filed an amended information which charged defendant with the remaining 30 counts plus the prior felony conviction. Defendant waived jury trial and stipulated that the case would be submitted to the court on the preliminary hearing transcript, exhibit one (videocassette tape), and exhibit two (certified copy of defendant's prior conviction). The court found defendant guilty of all 30 counts and found the prior felony conviction allegation to be true. The court sentenced defendant to a total of thirty-five years in state prison: six years for count 1, consecutive terms of two years each for counts 2 through 13, concurrent terms of six years each for counts 14 through 30,

and a consecutive five-year term for the prior felony conviction. On appeal defendant contends counts 1, 6, 13, 17, 19, and 29 or 30 must be reversed because they constitute parts of a continuous course of conduct that was fragmented into multiple offenses.

FACTS

After one of defendant's neighbors asked defendant's parole officer if defendant had a special parole condition not to be around children, the parole officer asked a sheriff's detective to accompany him to defendant's apartment. One of defendant's parole conditions was that he was subject to search at any time. They searched defendant's apartment and recovered videotapes, one of which, entitled "Puppy Love," formed the basis for the charges in this case.

Frankie S., who was age 13 at the time he testified, lived in California with his mother from December 1987 to April 1988. He was 11 during this time period. Defendant was a friend with whom Frankie spent the night often. Frankie testified that defendant sexually molested him and sometimes videotaped the molestation.

The counts, based on the videotape of defendant molesting Frankie (victim), entitled "Puppy Love," were as follows:

count 1—defendant and victim naked in the bathtub kissing; defendant's hands are under the water.

count 2—defendant orally copulates victim in the tub.

count 3—victim orally copulates defendant in the tub.

count 4—victim sodomizes defendant in the tub.

count 5—defendant sodomizes or simulates sodomy of victim in tub.

count 6—victim and defendant kiss while lying face to face in tub.

count 7—defendant orally copulates or licks victim in groin area while victim stands naked in front of defendant.

count 8—victim orally copulates defendant in the tub.

count 9—victim sodomizes defendant in the tub.

count 10—victim and defendant kiss in the tub while defendant touches victim's groin; victim then masturbates defendant.

count 11—defendant simulates sodomy of victim in tub.

count 12—defendant fondles victim's groin.

count 13—defendant caresses victim's buttocks in living room, then defendant masturbates and kisses victim.

count 14—defendant orally copulates victim.

count 15—defendant places finger in victim's anus and resumes oral copulation of victim.

count 16—defendant licks victim's buttocks or puts tongue in victim's anus.

count 17—defendant fondles victim's penis then kisses victim and fondles his buttocks.

count 18—victim orally copulates defendant.

count 19—victim and defendant kissing while groins in contact.

count 20—victim sodomizes defendant.

count 21—defendant places his penis between victim's buttocks.

count 22—victim masturbates in front of camera.

count 23—defendant orally copulates victim, licks victim's anus and resumes oral copulation.

count 24—victim sodomizes defendant.

count 25—defendant simulates sodomy of victim.

count 26—defendant places finger in victim's anus.

count 27—defendant resumes simulated sodomy.

count 28—defendant masturbates on victim's body.

count 29—defendant touches and kisses victim's groin while victim is asleep.

count 30—defendant masturbates while kissing victim who is asleep.

Counts 1 through 6 occurred in the bathtub while defendant was wearing glasses. Counts 7 through 12 occurred in the bathtub when defendant was not wearing glasses. Counts 13 through 21 occurred while defendant and the victim were in bed. Counts 22 through 28 occurred while defendant and the victim were on a blanket. Counts 29 through 30 occurred while the victim was asleep on a sofabed.

## DISCUSSION

■    The division of a single crime into multiple offenses is impermissible and the conviction as well as the punishment for the duplicate crimes must fall. (*People* v. *Bevan* (1989) 208 Cal.App.3d 393, 399 [256 Cal.Rptr. 233]; *People* v. *Kirk* (1990) 217 Cal.App.3d 1488, 1495 [267 Cal.Rptr. 126].) ■    We reject the analytic straitjacket of categorizing sexual offenses as "defined" or "undefined" as adopted in *People* v. *Bevan, supra,* and *People* v. *Kirk, supra.*[1] Instead, we follow the teaching of *People* v. *Harrison, supra,* 48 Cal.3d 321. *Harrison* involved the commission of rapid, identical sex acts of digital penetration of the victim's vagina. The court reasoned that a separate violation occurred every time there was a new, separate penetration, however slight, of the victim's vagina. (*Id.,* at p. 329.) The court further explained that "the Legislature has expressed no discernible objection to the steady increase in cases upholding multiple convictions based on rapid, identical sex acts." (*Id.,* at p. 334.)

Defendant contends that counts 1 and 6, which involve kissing in the tub, are incidental to counts 2 through 5, which involve oral copulation, sodomy, and simulated sodomy in the tub. He asserts that counts 13, 17, and 19, which involve caressing, fondling, masturbating and kissing, are incidental to counts 14, 15, 16, and 18 which involve oral copulation, inserting a finger in the victim's anus, and placing his tongue in the victim's anus or licking of victim's buttocks while in bed. Finally, defendant argues that count 29, touching and kissing victim's groin while he was asleep, is the same incident as count 30, masturbating and kissing victim while he was asleep.

Although all the acts occurred during several episodes, such as in the tub, in the bed and on a sofa, the record clearly shows they were separate acts

---

[1] Although *Kirk* was published nearly a year after *People* v. *Harrison* (1989) 48 Cal.3d 321 [256 Cal.Rptr. 401, 768 P.2d 1078], it did not use the analytical approach of *Harrison*, instead analyzing under the "defined" and "undefined" approach.

and not preparatory to or necessarily associated with any other charged act. Therefore, defendant was properly charged with and convicted of separate acts of lewd and lascivious conduct for counts 1, 6, 13, 17, 19, 29, and 30. (Cf. *People* v. *Slobodion* (1948) 31 Cal.2d 555, 563-564 [191 P.2d 1]; *People* v. *Akers* (1956) 143 Cal.App.2d 224, 226-228 [299 P.2d 398].)

Defendant further contends that if the defendant may be convicted of counts 1, 6, 13, 17, 19, 29, and 30, any punishment for such undefined lewd acts must be stayed under Penal Code section 654 which provides: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one . . . ." We disagree. *People* v. *Harrison*, *supra*, 48 Cal.3d at pages 334-338 holds to the contrary if, as in this case, none of the lewd acts are necessary for or incidental to any other charged lewd act. (See *People* v. *Blevins* (1984) 158 Cal.App.3d 64, 72 [204 Cal.Rptr. 124].)

## DISPOSITION

The judgment is affirmed.

Timlin, J., and McDaniel, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied May 2, 1991.

---

* Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.