Filed 4/28/23  P. v. Vera CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C094445 |
| v. | (Super. Ct. No. 19FE017912) |
| MIGUEL TORRES VERA, | |
| Defendant and Appellant. | |

A jury found defendant Miguel Torres Vera guilty of lewd and lascivious acts, lewd and lascivious acts by use of force or fear, and aggravated sexual assault of a child. It found true the allegation that defendant had substantial sexual contact with one of the

victims. The trial court sentenced defendant to a determinate term of 48 years in prison consecutive to an indeterminate term of 15 years to life.

Defendant now contends (1) testimony should not have been admitted that defendant struck the half-brother of one of the victims; (2) the trial court undermined the attorney-client relationship and should have granted defendant's motions for substitution of counsel and continuation of the sentencing hearing; (3) regarding the full-term consecutive sentences on counts four and five, defendant was entitled to a jury determination as to whether the criminal acts occurred on separate occasions; (4) the sentences on certain counts should have been stayed under Penal Code section 654;[1] and (5) resentencing is appropriate based on amendments to section 1170 made by Senate Bill No. 567 (2021-2022 Reg. Sess.) and Assembly Bill No. 124 (2021-2022 Reg. Sess.).

We conclude (1) the trial court did not abuse its discretion in admitting the challenged testimony; (2) defendant was not denied a fair sentencing hearing, and he has not shown that the trial court abused its discretion in denying his requests for substitution of counsel and a further continuance; (3) defendant's jury-determination argument lacks merit; (4) substantial evidence supports the challenged sentencing decisions; and (5) defendant is entitled to resentencing under applicable law.

We will vacate the sentences and remand for resentencing. We will otherwise affirm the judgment.

## BACKGROUND

Defendant's daughter testified that defendant began molesting her when she was four or five years old. The first incident involved oral copulation. Defendant pushed his daughter's head to his penis, put his penis in her mouth, and ordered her to suck his penis. He slapped her when she bit his penis.

---

[1] Undesignated statutory references are to the Penal Code.

2

Another incident occurred at her grandparents' house when the daughter was seven years old. The daughter attempted to leave when defendant tried to take her pants off, but defendant grabbed her hair and yanked her back to him. He pulled her pants down, licked her vagina, and put his tongue in her vagina. His hands were on her thighs and he spread her legs. He also used his hands to open her labia. Another time when she was seven years old, defendant pulled his daughter's pants down and licked her vagina and clitoris. Defendant orally copulated her on about 50 occasions.

When the daughter was eight or nine years old, defendant rubbed her chest and vagina. Defendant committed that type of act on two to five occasions.

After defendant had pulled her hair, the daughter did not resist because she was afraid defendant would react physically against her. Defendant also threatened to kill her mother, her brother, and her grandparents.

The daughter told a police detective in 2009 that defendant grabbed her hair, forced her underwear and pants down, put his mouth on her vagina, and slapped her in the face. But there were some discrepancies between her trial testimony and her prior report.

In addition, the daughter of defendant's girlfriend testified that defendant had sexually abused her. Her family moved into defendant's house when she was eight or nine years old. At the end of her fourth grade year or the summer before her fifth grade year, defendant put his hand under her shirt, rubbed her breasts, and put his other hand inside her pants, with his palm on top of her vagina. That type of conduct occurred 20 to 30 times. She was afraid to tell defendant no.

The prosecutor played a recording of a 2019 police interview with defendant. Defendant initially denied touching the vagina of his girlfriend's daughter. But then he said she put her head on his shoulder and tried to grab his inner thigh, and when he pushed her back he probably touched her vagina with his palm. He later said she pulled

3

her own pants down and tempted him. He admitted his hand touched the top of her vagina.

At trial, defendant denied touching his daughter inappropriately and denied telling her he would kill family members.

On the counts alleging crimes against defendant's daughter, the jury found defendant guilty of lewd and lascivious acts upon a child under the age of 14 years (§ 288, subd. (a) -- counts one, two, three, seven, eight, nine and eleven), committing lewd and lascivious acts by use of force or fear (§ 288, subd. (b) – counts four and five), and aggravated sexual assault of a child (§ 269, subd. (a)(4) – count six). The jury found true the allegation in counts one through four and six through eight that defendant had substantial sexual contact with a child under 14 years of age (§ 1203.066, subd. (a)(8)).

On the counts alleging crimes against the daughter of defendant's girlfriend, the jury found defendant guilty of committing lewd and lascivious acts upon a child under the age of 14 years (§ 288, subd. (a) – counts thirteen, fourteen, fifteen, sixteen, seventeen and eighteen). The jury could not reach a verdict and a mistrial was declared as to counts ten, twelve, nineteen and twenty. Those counts were later dismissed.

The trial court sentenced defendant to an aggregate determinate term of 48 years in prison consecutive to an indeterminate term of 15 years to life.

Additional facts are set forth in the discussion as relevant to the contentions on appeal.

## DISCUSSION

### I

Defendant contends the trial court erred in admitting his daughter's testimony that defendant struck her half-brother. We review a trial court's decision to admit evidence for abuse of discretion. (*People v. Gonzalez* (2021) 12 Cal.5th 367, 407 (*Gonzalez*).)

Defendant moved in limine to exclude evidence that he struck the half-brother and gave the boy a black eye. The prosecutor countered that the evidence was probative in

4

connection with the use of force element on counts four and five (lewd and lascivious acts by use of force or fear). She also argued the incident involving the half-brother was relevant to the daughter's fear of defendant and why the daughter submitted to, and delayed in disclosing, the sexual abuse. The prosecutor did not intend to call the half-brother as a witness but proposed to have the daughter testify about the incident involving the half-brother. The prosecutor told the trial court that the daughter did not see defendant strike the half-brother but saw the half-brother walk out of a room, where he had been with defendant, with a bloody face and deduced that defendant had struck the half-brother. According to the prosecutor, the daughter had seen defendant hit the half-brother on other occasions. The trial court ruled the proffered testimony was relevant to the daughter's state of mind and fear, was not unduly prejudicial, and was admissible. Defendant did not renew the objections raised in his in limine motion at trial.

Defendant now argues the evidence should not have been admitted because it was based on the daughter's generalized conclusions about defendant's bad character. But the daughter reportedly saw the half-brother come from a room where defendant had been the only person with the half-brother, and the half-brother had a bloody face. In addition, the daughter had seen defendant hit the half-brother on other occasions. The evidence was based on the daughter's observations.

To the extent defendant contends the testimony should have been excluded because it was based on hearsay, the argument is forfeited because it was not asserted in the trial court. (Evid. Code, § 353; *People v. Homick* (2012) 55 Cal.4th 816, 870.) Although defendant objected on the ground of hearsay at trial when the daughter recounted what her mother had said about the incident, defendant did not assert a hearsay objection as to the daughter's testimony about the uncharged act itself.

Defendant next claims the evidence was not relevant. However, defendant was charged with violating section 288, subdivision (b) (lewd and lascivious acts by use of force or fear) in counts four and five and with violating section 269, subdivision (a)(4)

5

(aggravated sexual assault of a child through oral copulation by means of force or fear) in count six. (§§ 269, subd. (a)(4), 287, subd. (c)(2).) Defendant's not guilty plea placed all of the elements of the charged offenses in dispute. (*People v. Cowan* (2010) 50 Cal.4th 401, 476.) Whether defendant used the daughter's fear of injury to herself or others to commit the crimes was probative of the count four, five and six charges. (§§ 269, subd. (a)(4), 287, subd. (c)(2), 288, subd. (b); see *People v. Zavala* (2005) 130 Cal.App.4th 758, 766-767, 770; *People v. Solis* (1985) 172 Cal.App.3d 877, 885-886.) The daughter's fear was also probative of her delayed disclosure, an issue about which the prosecutor and defense presented expert opinion testimony. (See generally *People v. Case* (2018) 5 Cal.5th 1, 31 (*Case*).)

Defendant further argues the evidence was unduly prejudicial. But the daughter's testimony about the uncharged act did not consume significant time. The testimony was less inflammatory than evidence concerning the charged offenses, decreasing the potential for undue prejudice. (*People v. Ewoldt* (1994) 7 Cal.4th 380, 405.) And the trial court instructed the jury on the limited use of the uncharged act evidence, minimizing the potential for improper use and making juror confusion unlikely. (*People v. Leon* (2015) 61 Cal.4th 569, 599-600; *Gonzalez, supra*, 12 Cal.5th at p. 409; see generally *Case, supra*, 5 Cal.5th at p. 32.)

Defendant has not established that the trial court abused its discretion in admitting the testimony.

## II

Defendant asserts he is entitled to be resentenced because (A) the sentencing judge's intemperate conduct irreparably damaged his relationship with his trial counsel and (B) it was error for the trial court to deny his motions for substitution of counsel and continuation of the sentencing hearing.

6

A

Defendant claims the trial court judge acted with intemperance when defendant's trial counsel Matthew Martinez requested a continuance at the June 25 sentencing hearing, and the judge's criticism of Mr. Martinez irreparably damaged his relationship with Mr. Martinez. All dates in this portion of the discussion refer to 2021.

A trial court has both the duty and the discretion to control the conduct of proceedings. (See, e.g., *People v. Snow* (2003) 30 Cal.4th 43, 78.) Accordingly, it is well within the trial court's discretion to express frustration when an attorney engages in delaying behavior. (*Ibid.*) A reviewing court does not " 'determine whether the trial judge's conduct left something to be desired, or even whether some comments would have been better left unsaid. Rather, we must determine whether the judge's behavior was so prejudicial that it denied [the defendant] a fair, as opposed to a perfect, trial.' " (*Ibid.*) Here, the sentencing judge's comments did not deny defendant a fair sentencing hearing.

The sentencing hearing was set to begin at 9:00 a.m. on June 25 but did not start then because defendant refused to attend the hearing. There is some indication in the record that defendant's refusal to attend the hearing was based on guidance from his attorney. When defendant was brought to court late morning, Mr. Martinez asked for time to discuss the probation report with defendant, and the trial court gave him 30 minutes to confer. The judge, court staff, prosecutor, Spanish interpreter, victims, and victims' families waited for the hearing to begin. Mr. Martinez then announced he was not ready to proceed with sentencing. Mr. Martinez said he had been in trial for two weeks and did not have time to file a written motion to continue sentencing or to see defendant.

The trial court expressed its strong displeasure, indicating that defendant's counsel should have filed a motion to continue and that being in trial was not a sufficient excuse for the failure to file such a motion. The trial court initially denied counsel's verbal

7

request to continue as untimely and unjustified, but after much discussion, Mr. Martinez explained he had received the probation report only that morning and defendant was entitled to receive the report two days before sentencing. The trial court ultimately acknowledged that defendant had a statutory right to receive a copy of the probation report five days prior to sentencing. The trial court continued sentencing to June 30 and directed Mr. Martinez to file any motions by June 28.

Mr. Martinez explained that defendant would not speak with him. The trial court replied that Mr. Martinez was a retained lawyer and the relationship was a matter for counsel and client. The trial court told defendant that if he wanted to hire a different lawyer he needed to have the other lawyer ready for the June 30 sentencing hearing. Upon Mr. Martinez' request, the judge asked whether defendant intended to discharge Mr. Martinez. Defendant denied such an intent. Mr. Martinez nevertheless insisted there was a breakdown of communication and moved to withdraw as counsel for defendant. The trial court denied the request to withdraw, stating that except for the failure to file a motion to continue, defense counsel had done a good job for his client. The judge reminded Mr. Martinez of the deadline for filing motions.

We have reviewed the record in detail and, while we do not condone some of the comments made in the colloquy between the trial court and defense counsel, the record does not demonstrate bias against the defense or that defendant was denied a fair hearing or the effective assistance of counsel. The trial court ultimately granted the June 25 requested continuance and said that with the exception of the motion to continue, counsel had been doing a good job. The cases cited by defendant in support of his contention are distinguishable.

Defendant urges that the trial court's order to extract him from his cell by force violated his right to counsel. But the portion of the record defendant cites does not support his factual assertion that the trial court ordered a forcible cell extraction. The record does not show that law enforcement authorities were authorized to use force, or

8

used force, to remove defendant from his cell. Accordingly, we do not consider defendant's claim that an order to use force in the absence of counsel violated his right to counsel.

B

Defendant further claims the trial court erred in denying his request for substitution of counsel and a further continuance of the sentencing hearing.

Attorney William Daley appeared with Mr. Martinez and defendant at the continued sentencing hearing. Mr. Daley said defendant's family had contacted him within days of the hearing. Mr. Daley moved for substitution of counsel and announced that substitution would require a continuance of several months as he knew little about the case and would need to order transcripts and prepare a motion for a new trial. The prosecutor objected, stating that the trial court had directed defendant to be ready to proceed on June 30 if he retained new counsel. The prosecutor complained there was no notice of a new trial motion and such a motion would be another delay tactic. She also objected that the victims and their families again had to rearrange their schedules and take off work to be attend sentencing.

The trial court denied defendant's motions. It said the matter was set for sentencing, there had been a long process and they were ready to sentence.

" 'A defendant has a constitutional and statutory right to counsel of his choice. [Citations.]' " (*People v. Lau* (1986) 177 Cal.App.3d 473, 478.) But that right, including the right to discharge retained counsel, is not absolute and "must be carefully weighed against other values of substantial importance, such as that seeking to ensure orderly and expeditious judicial administration, with a view toward an accommodation reasonable under the facts of the particular case." (*People v. Byoune* (1966) 65 Cal.2d 345, 346; accord *People v. Ortiz* (1990) 51 Cal.3d 975, 983.) To begin with, a request to substitute counsel must be timely made. (*Lau,* at p. 479 [request for substitution made when jury selection was to begin was untimely].) Further, a trial court may deny a timely motion

9

to substitute counsel if granting the motion will result in an unreasonable disruption of the orderly processes of justice. (*Ortiz,* at pp. 979, 982-983; *People v. Turner* (1992) 7 Cal.App.4th 913, 919 [affirming order denying substitution of counsel where, among other things, the defendant could not present a coherent reason for doubting his counsel's competence].)

Motions to continue the trial of a criminal case are disfavored and are denied unless the moving party presents affirmative proof that the ends of justice require a continuance. (Cal. Rules of Court, rule 4.113.) The party seeking a continuance must file and serve a written notice at least two court days before the hearing sought to be continued, together with affidavits or declarations detailing specific facts showing that a continuance is necessary. (§ 1050, subd. (b).) When a party makes a motion for a continuance without complying with the requirements for a written notice, the trial court must hold a hearing to determine whether there is good cause for the failure to comply with those requirements. (§ 1050, subd. (d).) The motion for continuance shall not be granted if the moving party cannot show good cause for the failure to give notice. (§ 1050, subd. (d).) Good cause must also support the request for a continuance. (§ 1050, subd. (e); *People v. Mungia* (2008) 44 Cal.4th 1101, 1118 (*Mungia*).)

Whether a sentencing hearing should be continued rests in the sound discretion of the trial court. (*People v. Sakarias* (2000) 22 Cal.4th 596, 646.) The party challenging a ruling bears the burden of demonstrating a clear abuse of discretion. (*People v. Strozier* (1993) 20 Cal.App.4th 55, 60; *People v. Johnson* (1970) 5 Cal.App.3d 851, 859.) A reviewing court looks to the circumstances of the case, " 'particularly . . . the reasons presented to the trial judge at the time the request [was] denied[,]' " to decide whether the denial of a continuance was an abuse of discretion. (*Mungia, supra*, 44 Cal.4th at p. 1118; see *People v. Courts* (1985) 37 Cal.3d 784, 791.) We also review the trial court's decision to deny a motion to substitute counsel for abuse of discretion. (*People v. Lopez* (2018) 22 Cal.App.5th 40, 47.)

10

In this case, the trial court advised defendant to file any motion he wished to file by June 28. The record does not show that defendant filed any written motion or gave prior notice of a request for substitution or continuance. Defendant appears to assert in his appellate opening brief that he wanted to fire Mr. Martinez because he had lost confidence in counsel. But in the trial court, he did not state any reason for changing attorneys, which he argued necessitated a continuance, or for failing to file a written motion. Defendant did not show he had acted diligently to apprise the court or the prosecutor of the need for a continuance. The prosecutor objected to a continuance because of the inconvenience to the victims and their families. Under these circumstances, defendant has not met his burden of showing that the trial court abused its discretion in denying his requests for substitution of counsel and a further continuance.

III

Defendant next argues that the full-term consecutive sentences imposed on counts four and five (violations of section 288, subdivision (b) [lewd and lascivious acts by use of force or fear] violate his right to a jury determination as to whether the charged acts occurred on separate occasions.

Section 667.6, subdivision (d) requires the imposition of full, separate, and consecutive terms for each violation of an offense specified in section 667.6, subdivision (e) if the crimes involve the same victim on separate occasions. (§ 667.6, subd. (d)(1).) The sentencing court determines whether the crimes were committed on separate occasions. (§ 667.6, subd. (d)(2).)

The crimes charged in count four (penis to mouth) and count five (hand to genitalia) fall within section 667.6, subdivision (e). In accordance with section 667.6, subdivision (d), the trial court found that counts four and five were committed against the same victim on separate occasions. It thus imposed full, upper, and consecutive terms on those counts.

11

The California Supreme Court granted review in *People v. Catarino* on January 19, 2022 (S271828) to consider whether the judicial fact-finding authorized under section 667.6, subdivision (d) violates the Sixth Amendment to the United States Constitution. (*People v. Catarino* (Oct. 14, 2021, D078832) [nonpub. opn.].) However, the California Supreme Court previously held that the Sixth Amendment requirement of a jury trial does not apply to the finding of facts necessary to impose consecutive terms under section 667.6, subdivision (d). (*People v. Black* (2007) 41 Cal.4th 799, 820-823.) The California Supreme Court has also held that the Sixth Amendment right to a jury trial does not apply to consecutive sentencing under section 667.6, subdivision (c), which gives a trial court discretion to impose a full, separate, and consecutive term for each violation of an offense specified in section 667.6, subdivision (e) if the crimes involve the same victim on the same occasion. (*People v. Scott* (2015) 61 Cal.4th 363, 403, 405.) As the United States Supreme Court explained in *Oregon v. Ice* (2009) 555 U.S. 160 [172 L.Ed.2d 517], the Sixth Amendment's jury-trial guarantee as applied in *Apprendi v. New Jersey* (2000) 530 U.S. 466 – i.e., requiring any fact that increases the penalty for a crime beyond the prescribed statutory maximum to be submitted to a jury and proved beyond a reasonable doubt – must be informed by "the jury's historic role as a bulwark between the State and the accused at the trial for an alleged offense," and the jury played no role in the decision to impose sentences consecutively at common law. (*Oregon,* at p. 168, see *id.* at pp. 167-170.)

In the absence of a contrary holding by the California Supreme Court, defendant's argument lacks merit.

IV

Defendant further argues that the sentences on counts five (lewd and lascivious acts by use of force or fear) and six (aggravated sexual assault of a child) and counts thirteen through eighteen (lewd and lascivious acts) constitute impermissible double punishment under section 654.

12

At the time of sentencing, section 654, subdivision (a) provided: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."[2]  (Stats. 1997, ch. 410, § 1.)  Section 654 protects against multiple punishment where the same act or omission or " 'a course of conduct deemed to be indivisible in time' " results in multiple statutory violations.  (*People v. Harrison* (1989) 48 Cal.3d 321, 335.)  The defendant's intent and objective determines whether multiple punishment is permissible.  (*Ibid.*)  "[I]f all of the offenses were merely incidental to, or were the means of accomplishing or facilitating one objective, defendant may be found to have harbored a single intent and therefore may be punished only once.  [Citation.]  [¶] If, on the other hand, defendant harbored 'multiple criminal objectives,' which were independent of and not merely incidental to each other, he may be punished for each statutory violation committed in pursuit of each objective, 'even though the violations shared common acts or were parts of an otherwise indivisible course of conduct.' " (*Ibid.*; accord *People v. Perez* (1979) 23 Cal.3d 545, 553.)  In cases involving sexual offenses, section 654 does not apply even where the defendant had the same objective -- sexual gratification -- unless the crimes were incidental to or the means by which another offense was accomplished.  (*Perez,* at pp. 552-553; *People v. Alvarez* (2009) 178 Cal.App.4th 999, 1006-1007.)

Whether section 654 applies in a case is a question of fact for the trial court, which has broad latitude in making its determination.  (*People v. Coleman* (1989) 48 Cal.3d

---

[2]  Effective January 1, 2022, section 654 was amended to read, "(a) An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision.  An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." (Stats. 2021, ch. 441, § 1.)

13

112, 162; *People v. Hutchins* (2001) 90 Cal.App.4th 1308, 1312.) We will not reverse the trial court's express or implied findings if there is any substantial evidence to support them. (*People v. Brents* (2012) 53 Cal.4th 599, 618.) We review the trial court's determination in the light most favorable to the respondent and presume the existence of every fact the trial court could reasonably deduce from the evidence. (*Hutchins,* at pp. 1312-1313.)

Defendant contends the count five act of opening his daughter's labia was merely preparatory to the count six act of oral copulation, and the trial court should have stayed the sentence on count five. However, the fact that a lewd act preceded other lewd acts does not establish that the first lewd act was merely incidental to or facilitative of the later acts. (*People v. Madera* (1991) 231 Cal.App.3d 845, 855.) In *Madera,* the defendant rubbed the victim's penis before committing oral copulation and sodomy upon the victim. (*Ibid.*) The Court of Appeal held the rubbing was not necessary to commit the oral copulation or sodomy, rejecting the defendant's section 654 claim. (*Madera,* at pp. 855-856.) Here, the daughter's testimony supports the trial court's finding that, like in *Madera*, defendant committed two separate acts: oral copulation and touching the labia with his hands. The trial court could reasonably find, based on the daughter's testimony, that touching her labia was not merely incidental to or necessary to accomplish the oral copulation, but was a separate act committed with the requisite lewd intent.

Defendant also contends that the trial court should have stayed the sentence on count thirteen or fourteen because the touching of his girlfriend's daughter's chest or vagina in those counts involved a single course of conduct undertaken with a single intent. He makes the same argument as to the touching of the girlfriend's daughter's chest and vagina in counts fifteen, sixteen, seventeen and eighteen.

The girlfriend's daughter testified that defendant rubbed her breasts with his hand and put his other hand inside her pants and on her vagina on 20 to 30 occasions. The

14

record does not show that fondling her breasts was incidental to or a means of committing or facilitating the touching of her vagina.

We conclude that section 654 does not preclude punishment for each of the offenses in counts five, six, and thirteen through eighteen.

V

In addition, defendant argues he is entitled to be resentenced on counts one, four and five pursuant to amendments to section 1170 made by Senate Bill No. 567 and Assembly Bill No. 124.

While this appeal was pending, the Governor signed Senate Bill No. 567, which changed the requirements for using aggravating circumstances and altered sentencing discretion under section 1170, effective January 1, 2022.[3] (Stats. 2021, ch. 731.) Among other things, Senate Bill No. 567 amended section 1170 to prohibit upper term sentencing unless factors in aggravation are stipulated to by the defendant, proven to a factfinder beyond a reasonable doubt, or established by a certified record of conviction. (§ 1170, subd. (b)(2), (3).) Senate Bill No. 567 also created a presumption in favor of the low term if the defendant's psychological, physical or childhood trauma or experience as a victim of intimate partner violence contributed to the commission of the offense. (§§ 1170, subd. (b)(6)(A), (C), 1016.7, subd. (b).)

---

[3] Three bills amending section 1170 became effective on the same date. (Stats. 2021, ch. 695, § 5 (Assem. Bill No. 124), eff. Jan. 1, 2022; Stats. 2021, ch. 719, § 2 (Assem. Bill No. 1540 (2021-2022 Reg. Sess.)), eff. Jan. 1, 2022; Stats. 2021, ch. 731, § 1.3 (Sen. Bill No. 567), eff. Jan. 1, 2022.) Senate Bill No. 567 -- which takes precedence because it was enacted last (Gov. Code, § 9605) -- states that if all three bills amending section 1170 are enacted and become effective on or before January 1, 2022, and Senate Bill No. 567 is enacted last, then section 1.3 of that bill, which incorporates the amendments proposed by Senate Bill No. 567, Assembly Bill No. 124, and Assembly Bill No. 1540, shall become operative. (Stats. 2021, ch. 731, § 3.)

15

The parties agree, as do we, that the change in the law is ameliorative and applies retroactively to defendant's case. (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1108-1109; *People v. Jones* (2022) 79 Cal.App.5th 37, 45; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

The trial court found several circumstances in aggravation: the crimes involved acts disclosing a high degree of cruelty and callousness; the victims were particularly vulnerable; the manner in which the crimes were carried out indicated planning and sophistication; defendant took advantage of a position of trust or confidence to commit the offenses; and defendant engaged in violent conduct which indicated a serious danger to society. The trial court imposed the upper term on counts one, four and five because defendant violated a position of trust and confidence.

Defendant argues we must vacate the sentences and remand for resentencing because, in imposing the upper terms on counts one, four and five, the trial court relied on aggravating factors that were not stipulated to or proven beyond a reasonable doubt to a factfinder. He also says the record contains evidence that he experienced childhood abuse and was a victim of intimate partner battering. The Attorney General agrees the matter should be remanded for resentencing.

The record does not show that defendant stipulated to the aggravating factors found by the trial court or that such factors were proven to a trier of fact beyond a reasonable doubt. In addition, there was evidence at trial that defendant experienced childhood trauma, but the sentencing court did not mention the possibility that such trauma contributed to the commission of the offenses. (§ 1170, subd. (b)(6)(A).) We will vacate the sentences and remand the matter so the trial court may resentence defendant under applicable law.

16

# DISPOSITION

Defendant's sentences are vacated and the matter is remanded for resentencing consistent with applicable law. The judgment is otherwise affirmed.

_____/S/_____
MAURO, Acting P. J.

We concur:

_____/S/_____
KRAUSE, J.

_____/S/_____
McADAM, J.*

---

* Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

17