IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 14, 2004, at Knoxville

## MILBURN L. EDWARDS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
**No. 13382     Jim T. Hamilton, Judge**

_____

**No. M2004-01378-CCA-R3-HC - Filed March 7, 2005**

_____

The petitioner, Milburn L. Edwards, appeals the trial court's summary dismissal of his petition for writ of habeas corpus. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Milburn L. Edwards, Clifton, Tennessee, appellant, pro se.

Paul G. Summers, Attorney General & Reporter, and Richard H. Dunavant, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 1991, the petitioner was convicted of twenty-one counts of rape, one count of aggravated rape, two counts of first degree burglary, one count of second degree burglary, two counts of aggravated burglary, one count of robbery, and one count of assault with intent to commit rape. The trial court imposed an effective sentence of life plus 415 years. On direct appeal, this court affirmed the convictions but modified the sentences for an effective sentence of life plus 195 years. See State v. Edwards, 868 S.W.2d 682 (Tenn. Crim. App. 1993). The facts underlying the petitioner's convictions are set forth in detail in that opinion. See id. at 687-690.

In May of 1996, the petitioner filed a petition for post-conviction relief alleging ineffective assistance of counsel. At the conclusion of an evidentiary hearing, the post-conviction court denied relief, concluding that the petitioner had received the effective assistance of counsel at trial and on appeal. This court affirmed. See Milburn L. Edwards v. State, M2002-02124-CCA-R3-PC (Tenn. Crim. App., at Nashville, Dec. 15, 2003).

On March 4, 2004, the petitioner filed a petition for writ of habeas corpus alleging that the trial court was without jurisdiction to convict or sentence. Pursuant to a motion by the state, the trial court dismissed the petition without a hearing. In this appeal of right, the petitioner claims that the trial court erred by failing to conduct a hearing. The state responds that the summary dismissal was appropriate because the petitioner failed to allege grounds that would justify habeas corpus relief.

A writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the petitioner or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition which would afford a means of relief for constitutional violations, such as the deprivation of the effective assistance of counsel, the purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel Newsome v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1969). A petitioner cannot attack a facially valid conviction in a habeas corpus proceeding. Potts, 833 S.W.2d at 62; State ex rel Holbrook v. Bomar, 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

A sentence in direct contravention of a statute is illegal and can be set aside at any time, even after the judgment has become final. See Taylor v. State, 995 S.W.2d 78, 85 (Tenn. 1999); State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). In contrast, a sentence that is merely erroneous cannot be set aside after the judgment is final. See State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987).

In this appeal, the petitioner contends that his petition includes the following cognizable claims: (1) that the trial court was without jurisdiction to sentence him under the 1982 Sentencing Act on counts 1 through 8 and 10; (2) that the trial court was without authority to sentence him as a career offender because the state failed to provide notice of its intent to seek enhanced punishment; (3) that the trial court lacked jurisdiction to sentence him under the 1989 Sentencing Act on counts 23, 24, and 26; and (4) that the trial court lacked jurisdiction to enter judgments of conviction because the indictments failed to charge offenses.

The first claim is based upon the fact that the crimes underlying counts 1 through 8 and 10 were committed prior to November 1, 1989, while the petitioner was sentenced afterward. The trial court sentenced the petitioner under the 1982 Act. This question of sentencing was fully addressed by this court on direct appeal. See Edwards, 868 S.W.2d at 701-02. The trial court had jurisdiction to impose the sentence on each count. See James D. L. Perry v. Howard Carlton, Warden, No. E2004-01000-CCA-R3-HC, slip op. at 2 (Tenn. Crim. App., at Knoxville, Nov. 22, 2004) (holding that habeas corpus issue was without merit where it had been previously addressed by this court on direct appeal).

This court has also ruled that the state's failure to give notice of intent to seek enhanced punishment would not result in an illegal or void judgment and is not, therefore, subject to habeas corpus relief. See State v. James R. Britt, No. E2000-02259-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., at Knoxville, Apr. 10, 2001). Thus, the petitioner is not entitled to relief. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000).

Next the petitioner contends that his sentences on counts 23 and 24, both rape convictions, were void and illegal because the trial court was without jurisdiction to order 60-year sentences under the 1989 Act. He also complains that his sentence for robbery in count 26 was illegal and void because the trial court lacked jurisdiction to sentence him to 30 years under the 1989 Act. The record, however, refutes the petitioner's assertions. The petitioner, a Range III offender, actually received 30-year sentences, not 60-year sentences, for the rape convictions on counts 23 and 24. Edwards, 868 S.W.2d at 687. Likewise, the trial court ordered a sentence of 15 years, not 30, for the robbery conviction on count 26. Id. As the state notes, the sentences were within the applicable ranges. See Tenn. Code Ann. § 40-35-112(c)(2) - (3). In consequence, this issue is without merit.

Finally, the petitioner contends that he is entitled to habeas corpus relief because the underlying indictments failed to charge offenses. The state contends that the indictments were sufficient. This issue is reviewable as a habeas corpus claim. See Wyatt v. State, 24 S.W.3d 319 (Tenn. 2000) (reviewing habeas corpus claim that original attempt indictment was insufficient for failing to allege overt act). That does not mean, however, that the petitioner is entitled to a writ of habeas corpus. Although defenses based upon indictment deficiencies must be presented prior to trial, Tenn. R. Crim. P. 12(b)(2) and (f), a valid indictment is essential to prosecution. When the content does not charge an offense or does not confer jurisdiction, it is subject to attack at any time. Dykes v. Compton, 978 S.W.2d 528 (Tenn. 1998).

A criminal indictment must include a sufficient description of the offense to ensure that the defendant understands the nature of the charge. Jackson v. Virginia, 443 U.S. 307, 314 (1979). The essential functions of the indictment are to provide notice of the charge, enable entry of a proper judgment upon conviction, and protect against double jeopardy. State v. Byrd, 820 S.W.2d 739, 741 (Tenn. 1991). In Wyatt, our supreme court stated as follows:

> The Sixth and the Fourteenth Amendments to the United States Constitution and Article I, § 9 of the Tennessee Constitution guarantee the accused the right to be informed of the nature and cause of the accusation. . . . We have consistently interpreted these constitutional provisions to require that an indictment: 1) provide notice to the accused of the offense charged; 2) provide the court with an adequate ground upon which a proper judgment may be entered; and 3) provide the defendant with protection against double jeopardy. . . .

24 S.W.3d at 324 (citations omitted).

In <u>State v. Hill</u>, 954 S.W.2d 725, 729 (Tenn. 1997), our supreme court held that an indictment charging aggravated rape was valid even though it did not allege a culpable mental state because "the required mental state [could] be inferred from the nature of the criminal conduct alleged." In <u>State v. Stokes</u>, 954 S.W.2d 729 (Tenn. 1997), an indictment for rape of a child was determined to be sufficient to vest the trial court with jurisdiction where it utilized the language of the statute but alleged no culpable mental state. A similar result occurred in <u>Ruff v. State</u>, 978 S.W.2d 95, 100 (Tenn. 1998), where the charges included aggravated sexual battery, aggravated rape, and aggravated kidnaping, and the court held that "where the constitutional and statutory requirements outlined in <u>Hill</u> are met, an indictment which cites the pertinent statute and uses its language will be sufficient to support a conviction." Finally, in <u>State v. Barney</u>, 986 S.W.2d 545, 547 (Tenn. 1999), our supreme court ruled that intent could be logically inferred from an indictment including charges of rape of a child and aggravated sexual battery where it was alleged that the defendant had engaged in "unlawful sexual penetration" and "unlawful sexual contact" with the victim.

In <u>State v. Wilson</u>, 31 S.W.3d 189, 191-92 (Tenn. 2000), our high court determined that an indictment charging delivery of cocaine which referenced the appropriate statute but did not include an allegation of the culpable mental state was sufficient despite the omission. Similarly, in <u>State v. Carter</u>, 988 S.W.2d 145, 148-49 (Tenn. 1999), our supreme court ruled that indictments for felony murder which made reference to the statute but failed to include the required mens rea were nevertheless sufficient. The court determined that a reference to the statute was sufficient notice of the required level of intent. <u>Id.</u> at 149.

These recent decisions of our supreme court establish that an indictment is adequate when it achieves the overriding purpose of notice to the accused. In this case, the petitioner does not make any specific argument as to how the underlying indictments, which are a part of the record, were insufficient. In our view, the content of each indictment sufficiently apprised the petitioner of the nature of the charges against him so as to enable the entry of proper judgments and to protect against double jeopardy. Among other things, each indictment made specific reference to the applicable statute, provided the date of the offense, and identified the name of the victim. That was enough. See <u>State v. Hammonds</u>, 30 S.W.3d 294 (Tenn. 2000).

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-4-