IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

FILED

February 1, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | FOR PUBLICATION |
| | ) | |
| | ) | FILED: FEBRUARY 1, 1999 |
| Appellee | ) | |
| | ) | DAVIDSON COUNTY |
| v. | ) | |
| | ) | HON. WALTER C. KURTZ, |
| WILLIAM HENRY BARNEY | ) | JUDGE |
| | ) | |
| Appellant | ) | NO. 01-S-01-9802-CR-00033 |

For Appellant:

KARL DEAN
Public Defender

JEFFREY A. DEVASHER
Assistant Public Defender

JERRILYN MANNING
Assistant Public Defender

JOAN A. LAWSON
Assistant Public Defender
Nashville, TN

For Appellee:

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL E. MOORE
Solicitor General

GORDON W. SMITH
Associate Solicitor General
Nashville, TN

VICTOR S. JOHNSON, III
District Attorney General

WILLIAM R. REED
Assistant District Attorney General
Nashville, TN

OPINION

AFFIRMED                                                    BIRCH, J.

The defendant, William Henry Barney, was convicted of eleven counts of rape of a child and seven counts of aggravated sexual battery. He is currently serving a total effective sentence of eighty years. Upon the Court of Criminal Appeals's affirmance of these judgments, the defendant filed an application for permission to appeal to this Court. We granted the application in order to determine whether the language of the indictment was sufficient under State v. Hill, 954 S.W.2d 725 (Tenn. 1997), and to determine whether the multiple convictions for rape of a child and aggravated sexual battery violate the constitutional principles of due process or double jeopardy. We conclude that the indictment is sufficient under Hill. In addition, we conclude that, under the facts and circumstances of this case, multiple convictions for rape of a child and aggravated sexual battery are justified and do not violate the constitutional principles of due process or double jeopardy.

I

The salient facts presented at trial showed that in July 1992, the defendant, a forty-seven-year-old man, moved in with the victim's family as a nanny for the victim and his two older brothers. The defendant took a special interest in the ten-year-old victim. In November 1992, the defendant quit the nanny job and left the state. In May 1993, he returned unexpectedly and asked the family's new nanny whether he could visit with the victim. The victim became upset and refused to see the defendant. When the nanny asked the victim why he was upset, the victim told her that

the defendant had "molested" him previously. The nanny called the victim's father, who told her to call the police. After the defendant gave a statement implicating himself in the alleged sexual conduct, investigators arrested him.

At trial, the victim testified that, on at least five occasions, the defendant entered the victim's bedroom, rubbed the victim's penis with his hand, and then performed fellatio on the victim. The victim also recalled at least four occasions when the defendant anally penetrated him and at least two occasions when the defendant performed anilingus on him.

At the conclusion of the proof, the State elected to submit six discrete sexual encounters to the jury. Five of these occurred in the victim's bedroom at the victim's home: the first in July 1992 when the defendant fondled and anally penetrated the victim; the second in August 1992 when the defendant fondled, performed fellatio, anally penetrated, and performed anilingus on the victim; the third in September 1992 when the defendant fondled, performed fellatio, anally penetrated, and performed anilingus on the victim; the fourth in October 1992 when the defendant fondled, performed fellatio, and anally penetrated the victim; and the fifth in November 1992 when the defendant fondled, performed fellatio, and anally penetrated the victim. The sixth encounter occurred in the victim's living room when the defendant performed fellatio on the victim.

The defendant contends that the indictment in this case is fatally deficient because it failed to allege a specific culpable mental state for the offenses of rape of a child and aggravated sexual battery. Of the fourteen counts of the indictment charging rape of a child, seven of the counts alleged that

> WILLIAM HENRY BARNEY on a day between July 1, 1992, and November 30, 1992, in Davidson County, Tennessee and before the finding of this indictment, did engage in unlawful sexual penetration of [K.B.],[1] a child less than thirteen (13) years of age, in violation of Tennessee Code Annotated §39-13-522, and against the peace and dignity of the State of Tennessee.

Seven other counts alleged that

> WILLIAM HENRY BARNEY on a day between July 1, 1992, and November 30, 1992, in Davidson County, Tennessee and before the finding of this indictment, did cause [K.B.], a child less than thirteen (13) years of age, to engage in unlawful sexual penetration of William Henry Barney, in violation of Tennessee Code Annotated §39-13-522, and against the peace and dignity of the State of Tennessee.

There were also seven counts charging aggravated sexual battery. Each of those counts alleged that

---

[1] Due to the age of the victim and the nature of the offenses, we identify the victim by initial only.

> WILLIAM HENRY BARNEY on a day between July 1, 1992, and November 30, 1992, in Davidson County, Tennessee and before the finding of this indictment, did engage in unlawful sexual contact with [K.B.], a child less than thirteen (13) years of age, in violation of Tennessee Code Annotated §39-13-504, and against the peace and dignity of the State of Tennessee.

In State v. Hill, 954 S.W.2d 725, 729 (Tenn. 1997), this Court held that where the language of an indictment alleging aggravated rape as "unlawfully sexually penetrat[ing]" a person under the age of thirteen met the constitutional and statutory requirements of notice and form, and where a culpable mental state could be logically inferred from such language, the indictment was valid. State v. Stokes, 954 S.W.2d 729 (Tenn. 1997), extended the rationale of Hill to an indictment charging rape of a child. Under the Hill analysis, we find that the counts of the indictment charging rape of a child were constitutionally valid and sufficient to vest the trial court with jurisdiction.

More recently, the Hill analysis was extended to an indictment charging aggravated sexual battery. See Ruff v. State, 978 S.W.2d 95 (Tenn. 1998). We find that the language recited above for the charges of aggravated sexual battery is substantially identical to the language upheld as constitutionally and statutorily sufficient in Ruff. Those charges were likewise valid and sufficient to vest the trial court with jurisdiction.

5

III

Next, the defendant urges that his act of rubbing the victim's penis was "essentially incidental" to the fellatio and that the two acts (rubbing and fellatio) thus constitute but a single crime for which a single punishment is appropriate. He contends, then, that due process principles prohibit separate convictions for five of the counts of aggravated sexual battery and five of the counts of rape of a child. For its part, the State insists that the rubbing and the fellatio were discrete acts for which separate punishments are appropriate.

The "essentially incidental" test for determining whether due process principles support separate convictions for two or more felonies arising from one particular course of conduct was developed in State v. Anthony, 817 S.W.2d 299 (Tenn. 1991). In Anthony, this Court determined that because the detention of the victim was essentially incidental to the commission of the robbery, due process principles prohibited a separate conviction for kidnapping. Id. at 307. We have since refined the Anthony test in several cases, including State v. Dixon, 957 S.W.2d 532 (Tenn. 1997), in which we held that separate convictions for attempted sexual assault and kidnapping were constitutionally valid because the defendant's conduct "exceeded that restraint necessary to consummate the act of attempted sexual battery," lessened the risk of detection, and substantially increased the risk of harm to the victim. Id. at 535.

6

In State v. Denton, 938 S.W.2d 373, 378 (Tenn. 1996), we noted that "[w]hile our decision in Anthony addressed the particularly anomalous nature of the kidnapping statute, it is conceivable that the principle of Anthony could apply to circumstances involving offenses other than kidnapping." Upon reflection, we find that the "essentially incidental" test, as developed in Anthony and its progeny, is not helpful in the context of sexual offenses because each separate sexual act "is capable of producing its own attendant fear, humiliation, pain, and damage to the victim." State v. Phillips, 924 S.W.2d 662, 665 (Tenn. 1996).

For determining whether two or more sexual acts may be the subject of separate convictions, we find the test articulated in People v. Madera, 282 Cal. Rptr. 674 (Ct. App. 1991), to be instructive. In Madera, the court upheld dual convictions for a defendant who rubbed a young boy's penis and then engaged in fellatio.[2] The defendant contended that the touching was merely incidental and preparatory to the commission of the fellatio and argued that the rubbing was a part of the fellatio. The court reasoned that Madera's intent was the critical consideration. Specifically, the pivotal question was "whether [Madera's] touching of [the victim's] penis was to commit a separate base criminal act or to facilitate the oral copulations . . . that shortly followed."

---

[2]The Madera court did not specifically answer the dual conviction question under a due process challenge. Instead, the defendant in Madera argued that a particular California code section concerning dual punishment prohibited his being punished twice for one felonious episode. Despite the focus on this California code section, our review of the Madera opinion results in our conclusion that the same analysis would support a due process challenge.

Id. at 679. The court held that if the act in question directly facilitates or is merely incidental to the accompanying sexual conduct (such as, for example, applying lubricant to the area of intended copulation), convictions for both acts would be barred. Id. at 680. If, however, the act in question is "preparatory" only in the sense that it is intended to sexually arouse either the victim or the perpetrator, separate convictions are not barred. Id.; accord People v. Scott, 85 P.2d 1040 (Cal. 1994).

We suggest that several factors may be relevant in determining whether conduct is directly facilitative, and thus incidental, or merely prepatory in the sense of intending to arouse the victim or perpetrator. These factors are:

> 1. temporal proximity--the greater the interval between the acts, the more likely the acts are separate;
>
> 2. spatial proximity--movement or re-positioning tends to suggest separate acts;
>
> 3. occurrence of an intervening event--an interruption tends to suggest separate acts;
>
> 4. sequence of the acts--serial penetration of different orifices as distinguished from repeated penetrations of the same orifice tends to suggest separate offenses; and
>
> 5. the defendant's intent as evidenced by conduct and statements.

Considering these factors in light of the facts of this case, the victim testified that the defendant entered the victim's bedroom, rubbed the victim's penis with his hand, and then

8

performed fellatio on the victim.  After a thorough review of the evidence, we conclude that the evidence supports the jury's verdict of separate convictions for the rubbing and the fellatio.  Thus, we find no due process violation.

IV

The defendant insists also that dual convictions for both aggravated sexual battery and rape of a child violate the double jeopardy provisions of the Constitutions of the United States and of Tennessee.  Article I, § 10 of the Tennessee Constitution provides that "no person shall, for the same offence, be twice put in jeopardy of life or limb."  In <u>Denton</u>, we articulated the test for determining whether two offenses are the "same" for double jeopardy purposes under the State Constitution.  Crucial to this analysis is legislative intent.  The factors to be considered are:

> 1. an analysis of the statutory offenses under <u>Blockburger v. United States</u>[3] to determine "whether each provision requires proof of an additional fact which the other does not";[4]
>
> 2. an analysis, guided by the principles of <u>Duchac v. State</u>,[5] of whether the same evidence is required to prove each offense;
>
> 3. a consideration of whether there were multiple victims or discrete acts; and

---

[3] 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

[4] <u>Id.</u> at 304, 52 S. Ct. at 182, 76 L. Ed at 309.

[5] 505 S.W.2d 237 (Tenn. 1973).

9

        4. a comparison of the purposes of
        the respective statutes.

"None of these steps is determinative; rather the results of each must be weighed and considered in relation to each other." Denton, 938 S.W.2d at 381.


        We addressed this issue in relation to multiple sex offenses in Phillips, where we noted that the following factors may be significant:

                1.    the nature of the act;

                2.    the area of the victim's body invaded by the sexually assaultive behavior;

                3.    the time elapsed between the discrete conduct;

                4.    the accused's intent, in the sense that the lapse of time may indicate a newly formed intent to again seek sexual gratification or inflict abuse; and

                5.    the cumulative punishment.

"[T]he presence and absence of any one factor or a combination of them other than the nature of the act is not determinative of the issue."  924 S.W.2d at 665.


        The defendant in Phillips committed three acts of penetration within the course of three hours:  penetration of the victim's vagina by an inanimate object; cunnilingus; and penile penetration of the vagina.  We noted:

                "[A]lthough    separate    acts    of
                intercourse may be so related as to

                            10

> constitute one criminal offense, generally rape is not a continuous offense, but each act of intercourse constitutes a distinct and separate offense." Moreover, each of the above-described acts is separately defined in Tenn. Code Ann. § 39-13-501(7) as a discrete type of sexual penetration subsumed by Tenn. Code Ann. § 39-13-502, the aggravated rape statute. Each act, in our opinion, is capable of producing its own attendant fear, humiliation, pain, and damage to the victim. Each type of penetration requires a purposeful act on the part of the perpetrator.

Id. at 664-665 (footnote omitted)(quoting 75 C.J.S. *Rape* § 4 (1952 & Supp. 1995)). Our conclusion was that Phillips committed three separate offenses.

Applying the Denton and Phillips criteria to this case, we find the following facts significant: first, the offense of aggravated sexual battery requires an intentional touching of a victim's intimate parts for the purpose of sexual arousal or gratification. Tenn. Code Ann. §§ 39-13-501, -504 (1991). Rape of a child requires sexual penetration of the victim, and the mental state required may range from intentional to knowing or reckless. Tenn. Code Ann. §§ 39-13-501, -13-522, -11-301(c) (1991 & Supp. 1992). Thus, each of the offenses requires proof of an additional fact that the other does not, and the offenses are not the same under Blockburger. Second, to prove aggravated sexual battery the State must present evidence that the defendant intentionally touched the intimate parts of the child victim and that such touching was for the purpose of sexual gratification. Tenn. Code Ann. §§ 39-13-501, -504. In contrast, rape of a child can be

11

proven solely by evidence of sexual penetration, regardless of the motivation for the act. Tenn. Code Ann. §§ 39-13-501, -522. Thus, different evidence is required to prove each offense, so the offenses are not the same under Duchac. Third, the nature and type of the contact in each instance was different, i.e., a touching of the penis with the hand as opposed to a touching of the penis (and the concomitant penetration) with the mouth. Fourth, the acts, although close in time, were not performed simultaneously. Finally, we believe the cumulative punishment in this case, eighty years, is not excessive considering the frequency and pervasiveness of the abuse of this victim.

Like the acts committed against the victim in Phillips, we believe that each act was "capable of producing its own attendant fear, humiliation, pain, and damage to the victim." Phillips, 924 S.W.2d at 665. Furthermore, each act required a different body position and engaged different body parts, evidencing a separate intent on the part of the defendant. Id. We conclude that under the principles of Denton and Phillips, the acts of aggravated sexual battery and rape of a child were discrete acts that justified separate convictions. We conclude, therefore, that double jeopardy principles are not violated through the imposition of multiple convictions in the case under submission.

V

To summarize, we conclude that the language of the indictment in this case was sufficient to vest the trial court with

12

jurisdiction over the offenses.  We conclude, also, that separate convictions for aggravated sexual battery and rape of a child were constitutionally justified under the facts presented at trial. Accordingly, the judgment of the Court of Criminal Appeals is affirmed.  Costs shall be assessed against the defendant.


_____
ADOLPHO A. BIRCH, JR., Justice

CONCUR:
Anderson, C.J.
Drowota, Holder, JJ.

Barker, J., not participating