IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 2, 2001

## JAVIER SOTO-HURTADO v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5438     Joseph H. Walker, Judge**

-------------------

**No. W2000-03173-CCA-R3-CO - Filed November 9, 2001**

-------------------

The petitioner, Javier Soto-Hurtado, appeals from the trial court's denial of habeas corpus relief. In this appeal of right, the petitioner contends that his conviction for sexual battery is void. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

C. Michael Robbins, Memphis, Tennessee (on appeal), and Rosella Shackelford, Paris, Tennessee (at trial), for the appellant, Javier Soto-Hurtado.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

### OPINION

In March of 2000, the petitioner was indicted by a Henry County grand jury. The following allegations, in pertinent part, appear in the indictment:

> That . . . Javier Soto-Hurtado . . . on or about the 27[th] day of November, 1999, in the county aforesaid, did knowingly or intentionally commit aggravated rape by having unlawful sexual penetration of Candice Gardner, the said . . . Javier Soto-Hurtado . . . being aided and abetted by one or more persons, thereby committing the offense of aggravated rape, in violation of Tenn. Code Ann. § 39-13-502(a)(3), against the peace and dignity of the State of Tennessee.

On July 10, 2000, the petitioner pled guilty to sexual battery by an authority figure,[1] a Class C felony. See Tenn. Code Ann. § 39-13-527. The record does not include any factual stipulations. The trial court imposed a Range III sentence of 12 years.

On November 9, 2000, while incarcerated in the West Tennessee State Penitentiary in Henning, the petitioner filed a petition for writ of habeas corpus alleging that the conviction was void because the indictment was defective. The petitioner alleged that the indictment for aggravated rape failed to specify the aggravating condition on which the prosecution was based. Specifically, the defendant contended that the indictment does not state whether the penetration, allegedly aided and abetted by one or more persons, was accompanied by "force or coercion" or whether the petitioner had reason to know that the victim was "mentally defective, mentally incapacitated, or physically helpless" as required by Tennessee Code Annotated section 39-13-502(a)(3)(A), (B).

The trial court determined that the Henry County indictment included the elements of the offense and sufficiently apprized the petitioner of the nature of the aggravated rape charges. Based upon that determination, the trial court ruled that the petitioner was not entitled habeas corpus relief.

In this appeal, the defendant argues that the aggravated rape indictment was insufficient because it failed to allege whether the crime was committed by force or whether the crime was accomplished due to mental incapacitation of the victim. He relies in part on Article I, § 9 of the Tennessee Constitution, which guarantees that "in all criminal prosecutions, the accused [has] the right . . . to demand the nature and cause of the accusation against him, and have a copy thereof. . . ." Tenn. Const. art. I, § 9. He also relies upon Tennessee Code Annotated section 40-13-202, which provides, in pertinent part, as follows:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment . . . .

Tenn. Code Ann. § 40-13-202.

In response, the state asserts that the judgment of conviction is valid because there is no legislative mandate to include a specific mens rea, even when intent is an essential element of the offense. Although the state did not address the validity of alternative theories within the indictment, our supreme court has held that an indictment which does not specify which among three statutory theories for the commission of a particular crime is nevertheless sufficient to confer jurisdiction. State v. Hammonds, 30 S.W.3d 294 (Tenn. 2000); see also State v. Lemacks, 996 S.W.2d 166 (Tenn. 1999).

---

[1] The petitioner's brief refers to "an amended charge of sexual battery by an authority figure."

A "person imprisoned or restrained of [his] liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment. . . ." Tenn. Code Ann. § 29-21-101. A writ of habeas corpus, however, is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Generally, defenses based upon indictment deficiencies must be presented prior to trial. Tenn. R. Crim. P. 12(b)(2) and (f). A valid indictment is essential to prosecution, however, and may be subject to attack at any time when the content does not charge an offense or does not confer jurisdiction. Dykes v. Compton, 978 S.W.2d 528 (Tenn. 1998). A criminal indictment must include a sufficient description of the offense to ensure that the defendant understands the nature of the charge. Jackson v. Virginia, 443 U.S. 307, 314 (1979). The essential functions of the indictment are to provide notice of the charge, enable entry of a proper judgment upon conviction, and protect against double jeopardy. State v. Byrd, 820 S.W.2d 739 (Tenn. 1991).

In State v. Hill, 954 S.W.2d 725, 729 (Tenn. 1997), our supreme court held that an indictment charging aggravated rape was valid even though it did not allege a culpable mental state because "the required mental state [could be] inferred from the nature of the criminal conduct alleged." In State v. Stokes, 954 S.W.2d 729 (Tenn. 1997), an indictment for rape of a child was determined to be sufficient to vest the trial court with jurisdiction where it utilized the language of the statute but alleged no culpable mental state. A similar result occurred in Ruff v. State, 978 S.W.2d 95, 100 (Tenn. 1998), where the charge was aggravated sexual battery and the court held that "where the constitutional and statutory requirements outlined in Hill are met, an indictment which cites the pertinent statute and uses its language will be sufficient to support a conviction." Finally, in State v. Barney, 986 S.W.2d 545 (Tenn. 1999), our supreme court ruled that intent could be logically inferred from an indictment including charges of rape of a child and aggravated sexual battery, where it was alleged that the defendant had engaged in "unlawful sexual penetration" and "unlawful sexual contact" with the victim.

In State v. Wilson, 988 S.W.2d 148 (Tenn. 1999), our high court determined that an indictment charging delivery of cocaine which did not include an allegation of the culpable mental state, "knowingly," was sufficient despite the omission. Similarly, in State v. Carter, 988 S.W.2d 145 (Tenn. 1999), our supreme court ruled that indictments for felony murder which made reference to the statute but failed to include the required mens rea were nevertheless sufficient. The court determined that a reference to the statute was sufficient notice of the required level of intent. Id. at 149. In sum, the more recent decisions of our supreme court establish that an indictment is adequate when it achieves the overriding purpose of notice to the accused.

Here, the charge was knowing and intentional aggravated rape and the indictment made reference to Tennessee Code Annotated section § 39-13-502(a)(3). The indictment also includes the date of the offense and the name of the victim. Alternative theories of guilt within a single indictment are permissible. Additionally, the indictment alleges a criminal intent on the part of the petitioner. In our view, the content of the indictment was sufficient to place the petitioner on notice of the nature of the charges, confer jurisdiction upon the trial court, and protect against double jeopardy.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE