STATE OF MAINE

CUMBERLAND, ss.

3 APR '15 PM 1:03

UNIFIED CRIMINAL DOCKET

Docket No. CR-14-6806

STATE OF MAINE,                    )
                                   )     ORDER ON MOTION FOR BILL
                                   )     OF PARTICULARS and on
v.                                 )     MOTION TO CONSOLIDATE COUNTS
                                   )     INTO SINGLE COUNT
KYLE E. WATKINS,                   )
                                   )
          Defendant.               )

The court heard oral argument on Defendant's Motion for Bill of Particulars and Defendant's Motion to Consolidate Counts into Single Count on March 17, 2015. Attorney Dylan Boyd appeared and argued on behalf of Defendant, and Assistant District Attorney Matthew Tice appeared and argued on behalf of the State.

Defendant has been indicted on three counts of Gross Sexual Assault. He seeks a bill of particulars on the ground that the "indictment alleges no information that distinguishes the three counts from one another"; the "discovery produced thus far is inadequate to distinguish the three counts" and the only discovery not yet completed, relating to phone records, "is not expected to provide information sufficient to distinguish the counts." *See* Motion for Bill of Particulars dated March 6, 2015.

Defendant's motion is governed by Rule 16(d) of the Maine Rules of Unified Criminal Procedure, which provides:

A motion for a bill of particulars may be entertained and granted by the court if defense counsel or the unrepresented defendant satisfies the court that

A) Discovery has been completed under this Rule; and

B) That such discovery is inadequate to establish a record upon which to plead double jeopardy, or to prepare an effective defense because further information is necessary respecting the charge stated in the charging instrument, or to avoid unfair prejudice.

The bill of particulars may be amended at any time subject to such conditions as justice requires.

M.R. U. Crim. P. 16(d). The Advisory Committee Notes explain that the rule "makes clear that a motion for a bill of particulars 'may be entertained and granted by the court' only if the defendant 'satisfies the court' both that 'Discovery has been completed under this Rule' and 'That such discovery is inadequate ....'"

Here, the competed discovery consists of the Westbrook Police Department's Incident Report, Officer Michael Loranger's narrative, and Detective Steven Crocker's narrative.

Although Defendant argues that none of this discovery explains the State's basis for charging him with three separate counts, Detective Crocker's narrative does in fact shed light on that issue, as it sets out three assaultive incidents: 1) "The next thing she knew, Watkins opened her mouth ... and stuck his penis in it"; 2) "He then ... took off her shorts and put his penis into her vagina"; and 3) "After making the call, she returned to the living room, and Watkins got on top of her and again put his penis in her vagina ...."

At hearing, the State affirmed that the three assault charges arose accordingly: one for the oral penetration; one for the first vaginal penetration; and one for the later vaginal penetration.

Defendant contends that this discovery is inadequate and that further information distinguishing the three counts is necessary. The court concludes, however, that Defendant has been sufficiently apprised of the basis for the three charges. Detective Crocker's narrative and the State's representations on the record at hearing regarding the basis for the three charges are sufficient to allow Defendant "to establish a record upon which to plead double jeopardy",

2

"prepare an effective defense", and "avoid unfair prejudice." *See State v. Cote,* 444 A.2d 34, 36 (Me. 1982), in which the Law Court reasoned:

> The purpose of a bill of particulars is to enable the defendant to prepare an adequate defense, to avoid prejudicial surprise at trial, and to establish a record upon which to plead double jeopardy if necessary....
>
> The transcript of the hearing on the motion for a bill of particulars indicates that the defendant was made aware of the fact that the State had sufficient evidence to go to the jury on both subsections (C) and (D). The defendant had thereby learned of the essential facts upon which his indictment was based.

*Id.* at 36 (affirming denial of motion for bill of particulars). *See also State v. Ardolino,* 1997 ME 141, ¶ 5, 697 A.2d 73, 76 ("it is not the function of a bill of particulars to disclose in detail the evidence on which the State will rely at the time of the trial or to disclose the theory on which the State will proceed at the trial").

In addition to seeking a bill of particulars, Defendant by separate motion requests that the court consolidate the three counts into a single count and dismiss the remaining two counts. As grounds for this motion, Defendant argues as follows:

> Presumably, the State tripled its charge based on 1) oral intercourse, 2) vaginal intercourse, and 3) the brief interruption in sexual contact. However, that evidence is insufficient to support three separate charges.

*See* Motion to Consolidate at 3-4.

In support of his argument that the three charges constitute an impermissible multiplicity, Defendant cites a Maine case recognizing the concept of multiplicity along with three out-of-state cases applying the concept in the context of sexual assault. The court is not persuaded by Defendant's cited cases. As Defendant concedes, the Maine case, *State v. Myers*, 407 A.2d 307 (Me. 1979), does not involve sexual assault; rather, the court in *Myers* addressed a theft in which

3

cash had been taken from a single cash box in one town, but was the comingled funds of three different towns. The Vermont case, *State v. Hazelton*, 987 A.2d 915 (Vt. 2009), is distinguishable because it involves two charges based on two different statutory violations, "[b]oth of which would punish defendant for engaging in a single sexual act with S.L." The New York case, *People v. Santiago*, 946 N.Y.S.2d 383 (2012) is distinguishable because it involves "a single, uninterrupted attack in which the attacker grope[d] several parts of a victim's body." The Kansas case, *State v. Dorsey*, 578 P.2d 261 (Kan. 1978) is over thirty years old, and is of questionable vitality even in that state. *See State v. Richmond*, 827 P.2d 742, (Kan. 1992) (reasoning, in declining to find multiplicity: "Whereas the propriety of the result in *Dorsey* is questionable, the case may be distinguished. In *Dorsey*, the victim was confined and almost continuously subjected to sexual assault. In the case before us, there were clearly two separate incidents. The victim here was raped and then tied up while the defendant left the room .... When defendant returned, he untied the victim's feet and raped her again"). The court finds the reasoning of Justice McFarland who concurred and dissented in *Dorsey* to be more persuasive than the majority opinion in that case. Justice McFarland wrote: "The majority opinion, in effect, says that if a man rapes a woman once, he can repeat the crime as many times as he likes with no additional criminal liability therefor. The result is against public policy and is a further insult to the victims of such crimes." *Id.* at 267.

The court also finds the reasoning in *State v. Bautista*, 770 N.W.2d 744 (Wis. 2009) (discussing *Harrell v. State*, 277 N.W.2d 462); *Pierce v. State*, 911 A.2d 793 (Del. 2006); and *State v. Barney*, 986 S.W.2d 545 (Tenn. 1999) to be more persuasive than Defendant's cited cases. As the Wisconsin court explained:

> *Harrell* ... is one of the leading sexual assault multiplicity cases. There, the defendant committed two forcible vaginal intercourses on the same person, at the same location and separated by twenty-five minutes of conversation. We held that the break in his conduct and the time between the acts was sufficient to constitute separate and distinct acts of rape, and thus the two-court charge was not multiplicitous. In doing so, we wrote:

4

> If at the scene of the crime the defendant can be said to have realized that he [or she] had come to a *fork in the road*, and nevertheless decides to *invade a different interest*, then his [or her] successive intentions make him [or her] subject to cumulative punishment and he [or she] must be treated as accepting that risk, whether he [or she] in fact knows of it or not.

*State v. Bautista*, 770 N.W.2d at 747-48 (citing *Harrell v. State*, 277 N.W.2d 462) (emphasis in original). *See also Pierce v. State*, 911 A.2d 793 (Del. 2006) (reasoning that "a criminal defendant can not 'take advantage of the fact that he has already committed one sexual assault on the victim and thereby be permitted to commit further assaults on the same person with no risk of further punishment for each assault committed.' Each act places the victim in further danger and continues to denigrate the victim's integrity. The key, therefore, is intent – whether the defendant formed a separate intent to commit each criminal act") (internal citations omitted).

In *State v. Barney*, the Supreme Court of Tennessee set forth the following factors for determining multiplicity in the context of sexual assault:

1) temporal proximity – the greater the interval between the acts, the more likely the acts are separate;

2) spatial proximity – movement or re-positioning tends to suggest separate acts;

3) occurrence of an intervening event – an interruption tends to suggest separate acts;

4) sequence of the acts – serial penetration of different orifices as distinguished from repeated penetrations of the same orifice tends to suggest separate offenses; and

5) the defendant's intent as evidenced by conduct and statements.

*State v. Barney*, 986 S.W.2d at 549.

This matter involves alleged "serial penetration of different orifices" – oral and vaginal penetration -- as well as alleged vaginal assault separated in time by an intervening event – the complaining witness's return from making a phone call in the bathroom. The jury, after hearing and deliberating on all the evidence, may determine that the facts do not support a finding of guilt beyond a reasonable doubt as to all three counts, but the court concludes that it does not

5

constitute impermissible multiplicity for the State to try Defendant on all three counts in these circumstances, where different orifices are involved and where the State alleges a second act of vaginal penetration occurring after a break.

Accordingly, having considered Defendant's pending motions in light of Maine law (and in light of the weight of persuasive authority in the absence of controlling Maine law), it is hereby ORDERED that Defendant's Motion for Bill of Particulars is DENIED and it is further hereby ORDERED that Defendant's Motion to Consolidate Counts into Single Count is DENIED.

DATED: ___4/3/2015___         _E. Mary Kelly_

E. Mary Kelly, Judge
Unified Criminal Docket

STATE OF MAINE
vs
KYLE E WATKINS
25 ROCK CREEK ROAD
NEW HAVEN CT 06515

CRIMINAL DOCKET
CUMBERLAND, ss.
Docket No    CUMCD-CR-2014-06806

**DOCKET RECORD**

DOB: 06/27/1986
Attorney:    PETER CYR                              State's Attorney:    MATTHEW TICE
             LAW OFFICES OF PETER J CYR
             85 BRACKETT STREET
             PORTLAND ME 04102
             PARTIALLY INDIGENT 11/04/2014
Filing Document:    INDICTMENT                      Major Case Type:  FELONY (CLASS A,B,C)
Filing Date:        10/10/2014

**Charge(s)**

1   GROSS SEXUAL ASSAULT                                     07/30/2013      WESTBROOK
Seq 4262          17-A  253(1)(A)          Class A
CROCKER                              /    WES
2   GROSS SEXUAL ASSAULT                                     07/30/2013      WESTBROOK
Seq 4262          17-A  253(1)(A)          Class A
CROCKER                              /    WES
3   GROSS SEXUAL ASSAULT                                     07/30/2013      WESTBROOK
Seq 4262          17-A  253(1)(A)          Class A
CROCKER                              /    WES

**Docket Events:**

10/15/2014  FILING DOCUMENT - INDICTMENT FILED ON 10/10/2014

10/15/2014  Charge(s):  1,2,3
            HEARING - ARRAIGNMENT SCHEDULED FOR 11/04/2014 at 08:30 a.m. in Room No.  1

            NOTICE TO PARTIES/COUNSEL
10/15/2014  Charge(s):  1,2,3
            HEARING - ARRAIGNMENT NOTICE SENT ON 10/15/2014

            JAMES TURCOTTE , ASSISTANT CLERK
10/16/2014  SUMMONS/SERVICE - SUMMONS TO APPEAR FOR ARRAIGN ISSUED FOR 10/16/2014

11/04/2014  BAIL BOND - PR BAIL BOND FILED ON 11/04/2014

            Date Bailed:   11/04/2014
            1276
11/04/2014  Charge(s):  1,2,3
            HEARING - ARRAIGNMENT HELD ON 11/04/2014
            THOMAS D WARREN , JUSTICE
            DA: MATTHEW TICE
            TAPE #6404
11/04/2014  Charge(s):  1,2,3
            PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 11/04/2014

11/04/2014  HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 01/22/2015 at 10:00 a.m. in Room No.  7

11/04/2014  TRIAL - JURY TRIAL SCHEDULED FOR 02/23/2015 at 08:30 a.m. in Room No.  11

            NOTICE TO PARTIES/COUNSEL
11/04/2014  BAIL BOND - PR BAIL BOND CONTINUED AS POSTED ON 11/04/2014

            THOMAS D WARREN , JUSTICE

            Date Bailed:   11/04/2014

CR-200                              Page 1 of 3                         Printed on: 04/06/2015

1276
11/06/2014 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 11/04/2014

11/06/2014 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 11/04/2014
    THOMAS D WARREN , JUSTICE
    COPY TO PARTIES/COUNSEL
11/06/2014 Party(s):    KYLE E WATKINS
    ATTORNEY - PARTIALLY INDIGENT ORDERED ON 11/04/2014

    Attorney: PETER CYR
01/22/2015 HEARING - DISPOSITIONAL CONFERENCE HELD ON 01/22/2015
    NANCY MILLS , JUSTICE
    Attorney: DYLAN BOYD
    DA: MATTHEW TICE
    CONF HELD, OFFER MADE. DA NEEDS TO GET MEDICAL RECORDS. DISPO CONT TO 2-5-15. NEW JURY
    SELECTION DATE GIVEN: 4-13-15
01/22/2015 TRIAL - JURY TRIAL CONTINUED ON 01/22/2015

01/22/2015 Charge(s): 1,2,3
    HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 02/05/2015 at 08:30 a.m.
    NANCY MILLS , JUSTICE
01/22/2015 Charge(s): 1,2,3
    TRIAL - JURY TRIAL SCHEDULED FOR 04/13/2015 at 08:30 a.m. in Room No. 11

    NOTICE TO PARTIES/COUNSEL
02/04/2015 Charge(s): 1,2,3
    HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 02/04/2015

02/05/2015 Charge(s): 1,2,3
    HEARING - DISPOSITIONAL CONFERENCE HELD ON 02/05/2015
    NANCY MILLS , JUSTICE
    DA: MATTHEW TICE
    NO RECORDING, RESET FOR FURTHER DISPOPSITIONAL CONFERENCE ON 3-12-15 AT 8:15 AM
02/05/2015 HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 03/12/2015 at 08:15 a.m.

02/05/2015 HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 02/05/2015

02/05/2015 MOTION - MOTION EXPERT WITNESS REPORT FILED BY DEFENDANT ON 02/05/2015

02/05/2015 MOTION - MOTION EXPERT WITNESS REPORT GRANTED ON 02/05/2015
    NANCY MILLS , JUSTICE
    COPIES GIVEN TO MATT TICE, ADA AND MAILED TO P CYR THIS DAY.
03/11/2015 MOTION - MOTION BILL OF PARTICULARS FILED BY DEFENDANT ON 03/09/2015

03/12/2015 MOTION - OTHER MOTION FILED BY DEFENDANT ON 03/12/2015

    MOTION TO CONSOLIDATE COUNTS INTO SINGLE COUNT AND DISMISS REMAINING COUNTS
03/12/2015 HEARING - OTHER MOTION SCHEDULED FOR 03/17/2015 at 01:00 p.m. in Room No. 1

    MOTION TO CONSOLIDATE COUNTS INTO SINGLE COUNT AND DISMISS REMAINING COUNTS
03/13/2015 HEARING - MOTION BILL OF PARTICULARS SCHEDULED FOR 03/17/2015 at 01:00 p.m. in Room No. 1

03/13/2015  HEARING - MOTION BILL OF PARTICULARS NOTICE SENT ON 03/13/2015

03/13/2015  HEARING - OTHER MOTION NOTICE SENT ON 03/13/2015

MOTION TO CONSOLIDATE COUNTS INTO SINGLE COUNT AND DISMISS REMAINING COUNTS
03/13/2015  HEARING - DISPOSITIONAL CONFERENCE HELD ON 03/12/2015

NANCY  MILLS , JUSTICE

Attorney:  DYLAN BOYD

DA:  MATTHEW TICE

03/17/2015  HEARING - MOTION BILL OF PARTICULARS HELD ON 03/17/2015

MARY  KELLY , JUDGE

Attorney:  DYLAN BOYD

DA:  MATTHEW TICE

Defendant Present in Court

TAPE 6715 INDEX 3561-4785                                          EXHIBIT 1
ENTERED-WESTBROOK PD INCIDENT REPORT                              TAKEN
UNDER ADVISEMENT

03/17/2015  HEARING - OTHER MOTION HELD ON 03/17/2015

MARY  KELLY , JUDGE

Attorney:  DYLAN BOYD

DA:  MATTHEW TICE

Defendant Present in Court

MOTION TO CONSOLIDATE COUNTS INTO SINGLE COUNT AND DISMISS REMAINING COUNTSTAPE 6715 INDEX
3561-4785                                          EXHIBIT 1 ENTERED-WESTBROOK
POLICE INCIDENT REPORT

03/17/2015  MOTION - OTHER MOTION UNDER ADVISEMENT ON 03/17/2015

MARY  KELLY , JUDGE

MOTION TO CONSOLIDATE COUNTS INTO SINGLE COUNT AND DISMISS REMAINING COUNTS
03/17/2015  MOTION - MOTION BILL OF PARTICULARS UNDER ADVISEMENT ON 03/17/2015

MARY  KELLY , JUDGE

03/18/2015  CASE STATUS - CASE FILE LOCATION ON 03/18/2015

WITH JUDGE KELLY
04/06/2015  CASE STATUS - CASE FILE RETURNED ON 04/06/2015

04/06/2015  ORDER - COURT ORDER FILED ON 04/03/2015

MARY  KELLY , JUDGE

ORDER ON MOTION FOR BILL OF PARTICULARS AND ON MOTION TO CONSOLIDATE COUNTS INTO A SINGLE
COUNT; ACCORDINGLY, HAVING CONSIDERED DEFENDANT'S MOTION IN LIGHT OF ME. LAW (AND IN LIGHT OF
THE WEIGHT OF PERSUASIVE AUTHORITY IN THE ABSENCE OF CONTROLLING ME. LAW), IT IS ORDERED
DEFENDANT'S MOTION FOR BILL OF PARTICULARS IS DENIED AND IT IS FURTHER HEREBY ORDERED THAT
THE DEFENDANT'S MOTION TO CONSOLIDATE COUNTS INTO SINGLE COUNT IS DENIED.

A TRUE COPY
ATTEST: _____
              Clerk