IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 14, 2015


**STATE OF TENNESSEE v. CHRISTOPHER SCOTTIE ITZOL-DELEON**

**Appeal from the Criminal Court for Davidson County**
**No. 2012-D-3022      Mark J. Fishburn, Judge**

_____

**No. M2014-02380-CCA-R3-CD – Filed March 28, 2016**
_____

Easter, J., dissenting.

Defendant argues on appeal that dual convictions for attempted aggravated sexual battery in Count 1 and rape of a child in Count 3, both stemming from the *Lemonade Mouth* incident, violate due process because they a part of a "single continuous criminal episode." Defendant asks this Court to utilize the five-factor test adopted by the supreme court in *State v. Barney*, 986 S.W.2d 545, 548 (Tenn. 1999). The State, on the other hand, argues that the analysis in *Barney* is no longer controlling law because the supreme court relied on cases which have since been abrogated. Because I believe the issue is more properly one of double jeopardy, I respectfully dissent.

The majority relies upon the five-factor test adopted in *Barney*, a test taken from the California case of *People v. Madera*, 282 Cal. Rptr. 674 (1991), to determine that the dual convictions for rape of a child and aggravated sexual battery violate due process. The majority does not perform a separate double jeopardy analysis. In so doing, the majority recognizes that *State v. Anthony*, 817 S.W.2d 299 (Tenn. 1991), and its progeny were abrogated by *State v. White*, 362 S.W.3d 559, 578 (Tenn. 2012), and that *Barney* relied upon those cases to conduct a due process analysis of dual convictions for sexual offenses. However, the majority goes on to conclude that *White* did not abrogate *Barney* absent some further pronouncement by the supreme court. I disagree. Although *Barney* has not yet been expressly overruled, it has been effectively abrogated by *White* and criticized by *State v. Watkins*, 362 S.W.3d. 551, 552 n.34 (Tenn. 2012). Nonetheless, I would find the dual convictions would survive even if the test pronounced in *Barney* was still viable. Finally, I find that analysis of the issue does not implicate due process concerns but rather is more appropriately analyzed under double jeopardy principles.

Starting with *Anthony*, the Tennessee Supreme Court chose to utilize the due process clause of Article 1, section 8 of the Tennessee Constitution[1] to address dual convictions for kidnapping and certain other felonies which included a certain degree of removal or confinement of the victim by the perpetrator. 817 S.W.2d at 306. The supreme court explained that a double jeopardy analysis was "inadequate" to resolve the issue and instead relied upon due process. *Id.*

Several years after *Anthony*, the supreme court adopted another test, set forth in *State v. Dixon*, 957 S.W.2d 532 (Tenn. 1997). This two-part test addressed (1) whether the removal or confinement of a kidnapping victim was beyond that necessary to consummate an accompanying offense, and (2) whether the removal or confinement prevented the victim from summoning help, lessened the defendant's risk of detection, or created a significant danger or increased the victim's risk of harm. 957 S.W.2d at 535. In *State v. Richardson*, 251 S.W.3d 438, 443 (Tenn. 2008), the *Dixon* test was officially recognized as a replacement test for the "essentially incidental" analysis that had been provided in *Anthony*. However, appellate courts were still required to perform a separate due process analysis for kidnapping convictions accompanied by another offense. *See Dixon*, 957 S.W.2d at 535-36; *Anthony*, 817 S.W.2d at 306-07.

In *White*, the supreme court eliminated the separate due process analysis, stating as follows: "[t]o be clear, *Anthony* and the entire line of cases including a separate due process analysis in appellate review are expressly overruled." *White*, 362 S.W.3d at 578. To support this reasoning, the court noted that a fundamental component of due process is the prohibition against a conviction without sufficient proof of the elements of the charged offense and that the question of sufficiency of the proof lies with the jury. *Id.* at 577. To facilitate this determination of sufficiency, a specific jury instruction was crafted to assist the jury. *Id.* This decision allowing the jury to make the due process analysis was based in part of the factually intensive nature of the determination of "'[w]hether the movement or confinement of the victim is merely incidental to and necessary for another crime.'" *Id.* (quoting *State v. Salamon*, 949 A.2d 1092, 1120 (Conn. 2008)).

While *White*, admittedly, specifically discussed the due process issue as relative to dual convictions of kidnapping and an accompanying felony, I would conclude that the holding of the decision in *White* also invalidates the test set forth in *Barney* as applied to

---

[1] The due process clause of the Tennessee Constitution provides: "[t]hat no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land."

dual convictions for sexual offenses.[2] Applying the foregoing to the case under consideration herein, I would conclude that because *Anthony* has been expressly overruled, the test adopted in *Barney* did not survive because it is likewise based on the due process analysis rejected in *White* which has been interpreted as requiring the proof of an additional element, whether it be the essentially incidental language or the application of a five-factor test. I would decline to merge the convictions because each statute punishes different criminal behavior. In my view, the test taken from *Madera* and adopted in *Barney* is nothing more than an *Anthony*-like test for sex offenses. Stated another way, *Barney* is to sex offenses what *Anthony* was to kidnapping offenses. *White* tells us that a due process analysis is no longer necessary and is the function of a properly instructed jury. Of course, I recognize that there is presently no offense specific instruction for sexual offenses that a trial court can include in a jury charge so that the jury can properly determine whether punishment for multiple sex offenses offend due process, and we, as an intermediate court, are certainly not in the position to craft one.

Still, when the challenged convictions herein are analyzed using the test set forth in *Barney*, it is impossible to determine whether the convictions violate the principles of due process without making a determination as to the underlying facts of the case—a function that was taken away from this Court's consideration and placed in the hands of the jury upon the abrogation of *Anthony*. It seems more appropriate for the jury, who is entrusted with assessing the evidence, to make any such determination. If, somehow, the test in *Barney* survived abrogation, I am not convinced by the majority's analysis that a conviction for both rape and attempted aggravated sexual battery are prohibited under the facts as presented at trial. The jury who heard the facts certainly felt the evidence supported both – and so do I.

The victim first testified that she felt Defendant's "bare penis on [her] back," located "above her butt" on the "outside of her butt cheeks," where she could feel it "moving . . . like up and down like he was shaking it kind of." The victim described that this happened before she felt Defendant's penis "moving between [her] thighs." She told her mother that Defendant's penis went "a little bit inside her." In other words, the attempted aggravated sexual battery involved a different location of her body than the rape. While the victim described the incident as one event, it is not clear from the movement described—feeling the penis on her back and buttocks versus the penetration between her thighs—whether the action was continuous. I agree with the majority that there was no intervening event between the touching of the back/buttocks and the penetration of the labia. Additionally, there was no movement or repositioning in

---

[2] Interestingly, the statute relied upon in *Madera* to prohibit multiple punishments is entitled "Offenses punishable in different ways by different provisions; double jeopardy; denial of probation," making no mention of due process. *See* Cal. Penal Code § 654. However, the Tennessee Supreme Court stated "our review of the *Madera* opinion results in our conclusion that the same analysis would support a due process challenge." *Barney*, 986 S.W.2d at 548 n.2.

between acts and there is no evidence of intent (as described by conduct and statements of Defendant). However, the contact with the back and buttocks versus the contact with the thighs and penetration of the labia suggests, to me, that the acts were distinct. *See, e.g.*, *State v. Roger Glenn Dile*, No. M2008-00389-CCA-R3-CD, 2009 WL 3031257, at *15 (Tenn. Crim. App. Sept. 24, 2009), *perm. app. denied* (Tenn. Mar. 15, 2010) (determining digital penetration of vagina and rubbing the area around anus supported separate convictions for aggravated sexual battery and rape of a child); *State v. Randall Scott*, No. 01C01-9708-CR-00334, 1999 WL 547460, at *16-17 (Tenn. Crim. App. July 28, 1999) (upholding dual convictions for rape and aggravated sexual battery where vaginal touching and anal penetration occurred during one incident), *aff'd in part, rev'd in part by State v. Scott*, 33 S.W.3d 746 (Tenn. 2000). I am unable to determine from the record whether the contact with the victim's back/buttocks was preparatory to the rape or merely incidental. It should be noted, however, that in order for the jury to find Defendant guilty of attempted aggravated sexual battery in Count 1, the jury necessarily determined that the touching of the back/buttocks had to be "for the purpose of sexual arousal or gratification." A reasonable finder of fact could easily conclude that the contact of Defendant's penis on the back/buttocks of the victim was for sexual arousal or gratification. The evidence, when viewed in the light most favorable to the State, supports such a finding.

Count 3 did not require a finding "for purpose of sexual arousal or gratification" but did require a finding of "penetration." This determination supports dual convictions. Therefore, even if *Barney* remains the applicable law, I would uphold the separate convictions for attempted aggravated sexual battery and rape of a child in Counts 1 and 3.

More importantly, I would determine that the issue is one more properly analyzed under principles of double jeopardy. *See, e.g.*, *State v. Teats*, 468 S.W.3d 495, 509 (Tenn. 2015) (Kirby, J., concurring), and *State v. Alston*, 465 S.W.3d 555, 567 (Tenn. 2015) (Bivins, J., concurring) (both determining that permissibility of dual convictions is more appropriately resolved with a double jeopardy analysis than a due process analysis). Lending support to this conclusion is *Watkins*, released by our supreme court the same day as *White*. In *Watkins*, the court addressed the issue of "whether separate convictions under different statutes constitute the same offense and violate the double jeopardy protection against imposing multiple punishments." *Id.* at 538-39.[3] The court overruled *State v. Denton*, 938 S.W.2d 373 (Tenn. 1996), and abandoned the test adopted therein, which included as one of the factors an analysis of the evidence supporting each conviction pursuant to *Duchac v. State*, 505 S.W.2d 237 (Tenn. 1973). In its place, the court adopted the same elements test enunciated in *Blockburger v. United States*, 284

---

[3] The majority makes a point that the *Barney* court rejected the reasoning of *Anthony* outside of a kidnapping context in a due process analysis. While *Watkins* involved review of multiple convictions in the context of double jeopardy analysis, it did not involve a kidnapping offense.

U.S. 299, 304 (1932), as the test for determining whether multiple convictions under different statutes constitute the same offense for purposes of the Double Jeopardy Clause of the Tennessee Constitution. *Watkins*, 362 S.W.3d at 538-39. The court pointed out the inconsistent application of the now-defunct *Denton* analysis, citing to *Barney*. The court noted that while *Barney* used the "different evidence" language of *Denton* and *Duchac*, it did not "focus[] upon the circumstances of the case," but rather "focused on the statutory elements of the offenses" in analyzing double jeopardy principles, as directed in *Blockburger*.[4] *Id.* at 550-51. *State v. Feaster*, 466 S.W.3d 80, 82 (Tenn. 2015), allows retroactive application of *Watkins* to crimes that were committed prior to the decision in *Watkins*. Additionally, *Watkins* has been applied to sex crimes. *See State v. Hogg*, 448 S.W.3d 877 (Tenn. 2014) (determining multiple convictions for especially aggravated sexual exploitation of a minor and aggravated statutory rape do not violate double jeopardy where separate video clips were taken during one continuing course of conduct).

Defendant herein was convicted of violating two different and distinct statutes—attempted aggravated sexual battery and rape of a child—described in *Watkins* as a multiple description claim. While the alleged statutory violations definitely come from the same act or transaction and could potentially result in a *double jeopardy* violation, an analysis of the relevant statutes reveals that the legislature intended to create separately punishable offenses. Here, each offense contains a statutory element not contained in the other. Rape of a child requires penetration; attempted aggravated sexual battery does not. Attempted aggravated sexual battery requires that the contact be for the purpose of sexual arousal or gratification; rape of a child does not. Additionally, neither offense is a lesser included of the other. *See State v. John J. Ortega, Jr.*, No. M2014-01042-CCA-R3-CD, 2015 WL 1870095, at *10 (Tenn. Crim. App. Apr. 23, 2015), *no perm. app. filed*. Thus, the legislature is presumed to have intended to allow the offenses to be punished separately. *See Watkins*, 362 S.W.3d at 542. Applying the *Watkins* test, I would conclude that Defendant's convictions of rape of a child and attempted aggravated sexual battery are not the same offenses for purposes of double jeopardy. I would uphold the separate convictions for rape of a child and attempted aggravated sexual battery in Counts 1 and 3.

With regard to Defendant's sentence, I agree with the majority that Defendant was improperly sentenced under the amendment to Tennessee Code Annotated section 39-13-522 as the record did not establish the individual dates of the offenses. However, I would take notice of the trial court's extensive findings with regard to consecutive sentencing, in which the trial court commented that "there is evidence before the Court to support

---

[4] However, the *Barney* court focused on the underlying facts supporting the conviction in conducting its due process analysis.

consecutive sentencing" under Tennessee Code Annotated section 40-35-115(b)(5)[5] but chose not to order consecutive sentences because of Defendant's social history. However, the trial court sentenced Defendant to an effective sentence of forty years—a much longer sentence than is even possible under the appropriate statute—and clearly stated that he

> certainly *[did not] think that the minimum sentence [was] appropriate, one, because of the enhancement factors . . . already noted; two, because it is not just a couple of time things, it was multiple times for which he . . . was convicted, no telling how many more times above and beyond that.* So despite his otherwise . . . close to glowing social and family history and work history, you cannot ignore the numerous, numerous occasions that these types of events occurred.

(Emphasis added).

> As the supreme court stated in *State v. King*,

> The determination as to whether the appellate court should conduct a de novo review or remand for reconsideration [with regard to consecutive sentencing and denial of judicial diversion] is within the discretion of the reviewing court. Relevant considerations include the adequacy of the record, the fact-intensive nature of the inquiry, and the ability of the court to request supplementation of the record.

432 S.W.3d 316, 328 (Tenn. 2014); *see State v. Pollard*, 432 S.W.3d 851, 864 (Tenn. 2013) (noting that "the better course is to remand to the trial court" due to the fact-intensive nature of the inquiry). While an adequate record exists from which this Court could perform a de novo review, I would find the fact-intensive nature of the inquiry is something best left for the trial judge to determine in this case. Consequently, I would remand for a new sentencing hearing at which the trial court could sentence Defendant within the appropriate range as well as make a determination as to consecutive sentencing.

_____
TIMOTHY L. EASTER, JUDGE

---

[5] Tennessee Code Annotated section 40-35-115(b)(5) allows for consecutive sentencing upon conviction for "two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims."